MCGILLIVRAY LAW
GIA MCGILLIVRAY, ESQ.
Nevada Bar No. 8182
8275 South Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 406-9401
Facsimile: (702) 478-6152
giamlaw@outlook.com
Counsel for Julian Garcia-Palomera

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>LEONARDO CHAVEZ MORALES, et al.<br><br>Defendants. | Case No. 2:16-cr-0225-GMN-PAL<br>Case No. 2:17-cr-00367-GMN-PAL<br><br>**MOTION FOR LEAVE TO OBTAIN A**<br>**PRE-PLEA PRESENTENCE REPORT** |

Comes now the Defendant Julian Garcia-Palomera, by and through his counsel of record, Gia McGillivray, Esq., and respectfully moves this Court for an order directing the United States Probation Office to prepare a Pre-Plea Presentence Report for the limited purpose of determining Mr. Garcia-Palomera's criminal history. In support hereof, Mr. Garcia-Palomera represents that the purpose of the report would be to assist Mr. Garcia-Palomera in determining the potential consequences of entering a plea and to confirm that he has properly recollected his criminal history. Preparation of the requested report would assist Mr. Garcia-Palomera and counsel in this matter. Counsel has spoken with Assistant United States Attorney Brandon Jaroch handling this case, and he has no objection to the request herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

The preparation and use of a presentence reports is governed by 18 U.S.C. § 3552 and Rule 32 of the Federal Rules of Criminal Procedure. The text of Subparagraph (e) to Rule 32

lends support for the position that Rule 32 permits the preparation of a pre-plea presentence report prior to a plea agreement. Rule 32(e)(1) reads as follows:

> (e) Disclosing the Report and Recommendation.
>
> (1) Time to Disclose. Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty.

According to its language, Subparagraph (e)(1) protects against non-consensual disclosure of a presentence report to a court or to anyone else prior to a defendant's plea of guilty or a finding of guilt. The protection against pre-plea disclosure necessarily suggests that the creation of a pre-plea presentence report is permitted.

The pertinent portion of Rule 32 has been modified on several occasions. The legislative history to the changes is informative. The 1989 amendments to Rule 32(c)(1) made it the functional equivalent of current Rule 32(e)(1). The Advisory Committee Notes to the 1989 Amendments indicated the purpose of the provision:

> In amending [then] subdivision (c)(1), the Committee conformed the rule to the current practice in some courts: i.e., to permit the defendant and the prosecutor to see a presentence report prior to a plea of guilty if the court, with written consent of the defendant, receives the report at that time. The amendment permits, but does not require, disclosure of the report with the written consent of the defendant.

Fed. R. Civ. P. 32, Advisory Committee Notes, 1989 Amendments.

This history indicates that the probation department, under some circumstances, may prepare a presentence report prior to a plea of guilty. This interpretation also gives meaning to Rule 32(e)(1), which otherwise makes no sense. Where such a report is prepared, probation may disclose it to the government and defendant and with consent to the court, prior to a plea of guilty. In this manner, a defendant can obtain critical information upon which to decide whether to enter into a plea negotiation.

Mr. Garcia-Palomera is contemplating a plea offer extended by the government. Material

to this decision is the determination as to his criminal history. Specifically, the extent of his criminal history.

It is true that the Court may not participate in plea discussions, nor may the Court force Mr. Garcia-Palomera to submit to an interview with probation in violation of his 5th Amendment right against self-incrimination. Similarly, the Court may not force the government to reveal its evidence at an earlier stage than might otherwise be required. However, the Court does have the discretion to order the probation office to prepare a criminal history of Mr. Garcia-Palomera. The compilation of such a criminal history would serve the ends of justice and would not be unduly burdensome under the circumstances. It would not violate Mr. Garcia-Palomera's 5th Amendment rights or force the Government to reveal additional evidence. Mr. Garcia-Palomera's criminal history is a matter of public record and its impact upon sentencing is ordinarily fairly straightforward. Therefore, the compilation of such information prior to a guilty plea, and upon specific request by the defendant, would not give rise to concerns that the Court is improperly participating in plea negotiations.

For the foregoing reasons, Mr. Garcia-Palomera moves this Court to order the United States Probation Office to conduct a pre-plea presentence investigation for the limited purpose of determining Mr. Garcia-Palomera's criminal history.

Dated this 12th day of August, 2018.

MCGILLIVRAY LAW

 /s/  Gia McGillivray
GIA MCGILLIVRAY, ESQ.
Nevada Bar No. 8182
Counsel for Julian Garcia-Palomera

# CERTIFICATE OF SERVICE

I hereby certify that on the date of filing of the document named below with the Clerk of the Court, I cause a true and correct copy to be served in the following manner:

DOCUMENT(S) SERVED: MOTION FOR LEAVE TO OBTAIN A PRE-PLEA PRESENTENCE REPORT

☒ ELECTRONIC SERVICE: Pursuant to Local Rule LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☒ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

> Julian Garcia-Palomera
> Nevada Southern Detention Center
> 2190 East Mesquite Avenue
> Parumph, Nevada 89060

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed below at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

☐ EMAIL: By sending the above-referenced document via email to those persons at the email addresses set forth below:

*/s/Gia McGillivray*
Gia McGillivray

4

| | |
|---|---|
| 1 | MCGILLIVRAY LAW |
| | GIA MCGILLIVRAY, ESQ. |
| 2 | Nevada Bar No. 8182 |
| | 8275 South Eastern Avenue, Suite 200 |
| 3 | Las Vegas, Nevada 89123 |
| | Telephone: (702) 406-9401 |
| 4 | Facsimile: (702) 478-6152 |
| | giamlaw@outlook.com |
| 5 | Counsel for Mr. Garcia-Palomera |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-0225-GMN-PAL |
| | Case No. 2:17-cr-00367-GMN-PAL |
| Plaintiff, | |
| v. | |
| | **ORDER ON MOTION FOR LEAVE TO** |
| LEONARDO CHAVEZ MORALES, et al. | **OBTAIN A PRE-PLEA PRESENTENCE** |
| | **REPORT** |
| Defendants. | |

Defendant Mr. Garcia-Palomera seeks leave for the preparation of a pre-plea presentence report for the limited purpose of determining Mr. Garcia-Palomera's criminal history to assist in finalizing the parties' plea negotiations. The Government, through Assistant Unites States Attorney Brandon Jaroch, does not object to Mr. Garcia-Palomera's request. The compilation of such a criminal history would serve the ends of justice and would not be unduly burdensome under the circumstances.

Accordingly, and for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Mr. Garcia-Palomera's Motion for a Pre-Plea Presentence Report for a determination of criminal history (ECF No. 118) is GRANTED.

IT IS FURTHER ORDERED that the United States Probation Office shall prepare and provide to counsel for Defendant Mr. Garcia-Palomera and the Government at the earliest practicable date a Pre-Plea Presentence Investigation Report for the purpose of determining Mr.

Garcia-Palomera's criminal history only.

**IT IS SO ORDERED.**

_____
**PEGGY A. LEEN**
**UNITED STATES MAGISTRATE JUDGE**

**Dated** this ___14th___ day of August, 2018.